UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE CO.,

    Plaintiff(s),

vs.

JACOBS ENGINEERING GROUP., INC.,

    Defendant(s).

No. C- 08- 4614 MHP

**ORDER TO SHOW CAUSE**

This action was filed in this district on October 3, 2008, and ultimately assigned to this judge on January 21, 2009. The first case management conference was scheduled for and heard on March 23, 2009. At that conference the court discussed with counsel the jurisdictional issues raised by this declaratory relief action.. The complaint contains five claims for relief, four of which are denominated as seeking declaratory relief and the fifth as "Damages - - Reimbursement of Claim Expenses". The first four claims request a declaration with respect to the duties to defend and indemnify and also plead that plaintiff "is entitled to reimbursement of at least some of the legal fees, expenses and 'Claim Expenses'" incurred in the defense of an underlying action which has been litigated and is pending in state court. The damages alleged in the fifth claim are premised on the earlier allegations in the complaint and are the same damages pled in the previous four claims, namely, legal fees, expenses and claim expenses.

Plaintiff premises this court's jurisdiction on diversity jurisdiction and the Declaratory Judgment Act, 28 U. S. C. §§2201 et seq. This Circuit, interpreting Wilton v. Seven Falls Co., 515

1 U.S. 277 (1995), provides that in declaratory relief actions relating to coverage under or

2 interpretation of policies of insurance the court should first determine its jurisdiction.  See

3 Employers Reinsurance Corp. v. Karussos,  65 F.3d 796, 799-801 &n.1 (9th Cir. 1995)("it will be

4 rare that a case will arise in the future in which the district court fails to consider the jurisdictional

5 question").

6 The reason for this threshold inquiry is that declaratory relief actions almost always involve

7 interpretations of state law.  Concerns of comity and "wise judicial administration" ordinarily

8 counsel against exercising jurisdiction and the court may dismiss the complaint unless there are

9 "facts or circumstances ... that would justify" making an exception to this rule.  Id. at 799, 801

10 This inquiry is not inconsistent with Government Employees Ins. Co. v.Dizol, 133 F.3d 1220 (9th

11 Cir.1998)(en banc). In Dizol, the Court underscored that the jurisprudential  factors articulated in

12 Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), still apply.  See, 133 F.3d at 1225 &

13 n5.

14 Cases subsequent to Dizol do not differ where there are pending state court proceedings

15 involving the same parties or the same incidents giving rise to the claim for defense and coverage.

16 See, e.g., Huth v. Hartford Ins. Co.of the Midwest,  298 F.3d 800 (9th Cir. 2002), cert.denied sub

17 nom, Hartford Ins. Co. of the Midwest v. Huth, 537 U.S. 1233 (2003).

18 However, in a case with a tortured history the Ninth Circuit attempted to offer some clarity.

19 In United National Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1113 (9th Cir. 2001), the court

20 framed the question as "whether the request for reimbursement could have been sustained in federal

21 court in the absence of any claim for declaratory relief...."  After much discussion about the

22 procedural course that case had traversed and the pre-Dizol and post-Dizol regime, the court opined:

23 > To sum up, we find that Travelers'[Casualty and Surety Co.] reimbursement claim is, *in all probability*, sufficiently independent under California law to trigger mandatory
24 > federal jurisdiction. Id. at 1115.

25 It appears that each case must be decided on its own facts.  In this case the claims for reimbursement

26 seem to be tethered to the declaratory relief claims.  Nonetheless, after a more rigorous analysis

27 aided by briefing from the parties, the court, in all probability,  may be able to come to a better-

28

2

reasoned decision.

Therefore, in accordance with the foregoing and the instructions at the case management conference, the parties shall submit simultaneous memoranda not to exceed ten (10) pages on or before April 20, 2009, addressing this court's jurisdiction over this declaratory relief action.

IT IS SO ORDERED.

Date: March 24, 2009

MARILYN HALL PATEL
Judge United States District Court
Northern District of California

3